UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENTIAL INS. CO. OF AM.,<br><br>　　　　Plaintiff(s),<br><br>　v.<br><br>ALEXANDRA BAILEY WELLS, and<br>DAVID WELLS,<br><br>　　　　Defendant(s). | No. C09-0132 BZ<br><br>**ORDER DENYING MOTIONS TO DISMISS AND MOTION TO STRIKE JURY DEMAND** |

　　　Prudential Ins. Co. of America ("plaintiff") filed this interpleader complaint against David Wells ("David") and Alexandra Bailey Wells ("Alexandra") (collectively "defendants") alleging that they adversely claim full ownership of $500,000.00 in life insurance policy proceeds.

　　　David has moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted. Alexandra has answered and demanded a jury trial. David then moved to strike Alexandra's jury demand.

　　　According to the complaint, both defendants reside in California, and plaintiff is an insurance company organized

1  and existing under the laws of New Jersey, with its principal
2  place of business in New Jersey.  (P.'s Compl. In Interpleader
3  ¶¶ 1-3.)  The complaint bases jurisdiction on 28 U.S.C.
4  § 1335.  Because David and Alexandra, the only adverse
5  claimants in this dispute, are nondiverse, the Court does not
6  have jurisdiction pursuant to § 1335.

7  However, Federal Rule of Civil Procedure 22 permits
8  interpleader actions if the amount in controversy exceeds
9  $75,000.00 and if there is complete diversity between the
10 stakeholder and all of the claimants, even if some of the
11 claimants are citizens of the same state.  *See* <u>Franceskin v.
12 Credit Swisse</u>, 214 F.3d 253, 259 (2d Cir. 2000) (citing <u>John
13 Hancock Mut. Life Ins. Co. v. Kraft</u>, 200 F.2d 952, 953 (2d
14 Cir. 1953); <u>Travelers Ins. Co. v. First Nat'l Bank of
15 Shreveport</u>, 675 F.2d 633, 638 n.9 (5th Cir. 1982).

16 While courts may construe allegations as to one form of
17 interpleader as supporting the other in order to uphold
18 jurisdiction[1], David has insisted that the complaint be
19 amended to allege the proper basis for jurisdiction and
20 plaintiff is amenable.  Having reviewed the proposed first
21 amended complaint attached as an exhibit to plaintiff's
22 opposition to David's motion to dismiss, I find that it
23 adequately states a proper basis for jurisdiction.
24 Plaintiff's interpleader action is proper under Rule 22 and
25 jurisdiction is conferred by 28 U.S.C. § 1332 because

---

[1] *See* <u>Geler v. National Westminster Bank USA</u>, 763 F.Supp. 722, 727 (S.D.N.Y. 1991) (complaint construed as stating claim for Rule 22 interpleader where essential elements alleged and jurisdiction proper under 28 U.S.C. § 1332).

2

plaintiff is diverse in citizenship from both Alexandra and David, and the amount in controversy exceeds $75,000.00.  *See* United Ben. Life Ins. Co. v Leech, 326 F.Supp. 598, 600 (E.D. Pa. 1971) (in interpleader action under Rule 22, matter in controversy is measured by fund to be distributed as stated by plaintiff) *accord* Nationwide Mut. Ins. Co. v. Eckman, 555 F.Supp. 775, 778 (D. Del. 1983).  David's objection that the proposed first amended complaint does not specifically mention Rule 22, is not meritorious.  The complaint alleges facts that show that ordinary federal diversity jurisdiction exists under § 1332.  *See* Morongo Band of Mission Indians v. California State Board of Equalization, 858 F.2d 1376, 1382 (9th Cir. 1988) ("Rule 22 . . . is merely a procedural device . . . [a]ccordingly, an interpleader action under Rule 22 must fall within some statutory grant of jurisdiction.") (internal citations omitted).  Because the proposed first amended complaint alleges a proper basis for jurisdiction under § 1332, plaintiff's motion for leave to amend is **GRANTED**, and David's motion to dismiss for lack of subject matter jurisdiction is therefore **DENIED**.  The defendants shall respond by **June 8, 2009.**

David's motion to dismiss the complaint on the grounds that it fails to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) is **DENIED** as moot.  The Court anticipates that David may move to dismiss the amended complaint on the same grounds.  Rule 22 states in relevant part that "[p]ersons having claims against the plaintiff may be joined as defendants and required

to interplead when their claims are such that the plaintiff is or *may be* exposed to double or multiple liability." Fed. R. Civ. Proc. 22 (emphasis added). David had argued that double liability is not a realistic concern in this case because, "there is no doubt as to whom the insurance proceeds are due" and therefore, plaintiff cannot be held liable by Alexandra for releasing the funds to David. (Reply to Opp. to Mot. to Dismiss p.6.)

Interpleader is appropriate if the stakeholder-plaintiff has "a real and reasonable fear of double liability or vexatious, conflicting claims." Washington Elec. Coop., Inc. v. Paterson, Walke & Pratt, P.C., 985 F.2d 677, 679 (2d Cir. 1993); *see also* Bell & Beckwith v. United States, IRS, 766 F.2d 910, 914 (6th Cir. 1985); Gaines v. Sunray Oil Co., 539 F.2d 1136, 1141 (8th Cir. 1976). This "danger need not be immediate; any possibility of having to pay more than is justly due, no matter how improbable or remote, will suffice . . . ." 6247 Atlas Corp. v. Marine Insurance Co., Ltd., 155 F.R.D. 454, 462 (S.D.N.Y. 1994) (quoting Pan Am. Fire & Casualty Co. v. Revere, 188 F.Supp. 474, 480 (E.D. La. 1960)); *see also* Sotheby's, Inc. v. Garcia, 802 F.Supp. 1058, 1065 (S.D.N.Y. 1992) (noting mere threat of future litigation justifies the maintenance of an interpleader action).

The availability of the interpleader remedy is not dependent on the merits of the claims asserted against the stakeholder. John v. Sotheby's, Inc., 141 F.R.D. at 33; A/S Krediit Pank v. Chase Manhattan Bank, 155 F.Supp. 30, 33-34 (S.D.N.Y. 1957). Moreover, "a party is not required to

4

evaluate the merits of conflicting claims at its peril; rather, it need only have a good faith concern about duplicitous litigation and multiple liability if it responds to the requests of certain claimants and not to others." Garcia, 802 F.Supp. at 1065 (citing Bache Halsey Stuart Shields Inc. v. Garmaise, 519 F.Supp. 682, 684-85 (S.D.N.Y. 1981); 3A Moore's Federal Practice P 22.02[1], at 22-7 (2d ed. 1992)). Finally, the Supreme Court has stated that interpleader is a "remedial" device to be "liberally construed." State Farm & Casualty Co v. Tashire, 386 U.S. 523, 533 (1967).

Plaintiff's complaint alleges that it insured decedent Deborah Bailey-Wells ("Decedent") with a policy that had a death benefit amount of $500,000.00 ("policy"); that the death benefits became due and payable on December 12, 2007, when Decedent died; and that due to competing claims of Alexandra and David, plaintiff cannot determine who is entitled to the policy benefits and may therefore be exposed to conflicting claims and to multiple liability. The complaint alleges that Alexandra's and David's demands for the policy's death benefits are conflicting because Alexandra asserts full ownership under the terms of a Marital Settlement Agreement and David asserts full ownership under the terms of the policy.

Notwithstanding the above, David argues, *inter alia*, that interpleader is not appropriate in this case because the method of changing beneficiaries in an insurance policy is exclusive and must be followed, that it was not followed in

this case, and plaintiff should therefore have no trouble deciding that David, as the named beneficiary in the policy, is entitled to the policy proceeds. The case law cited by David does not require a finding that interpleader is inappropriate in this case.

While it is true that, as a general rule, an insured must comply with the requirements set forth in the life insurance policy to effectuate a change of beneficiary, Pimentel v. Conselho Supremo de Uniao Portugueza, 6 Cal. 2d 182 (Cal. 1936), the analysis neither begins nor ends there. *See, e.g.* Life Ins. Co. of North America v. Ortiz, 535 F.3d 990, 993-95 (9th Cir. 2008). This is particularly true where there is a subsequent agreement, such as a marital settlement agreement, the terms of which may change the rights between the parties such that a named beneficiary may no longer be entitled to life insurance policy proceeds, even where he or she is still the listed beneficiary on the policy itself. *See, e.g.*, Sullivan v. Union Oil Co. of Calif., 16 Cal.2d 229 (1940) (finding that under the terms of a property settlement agreement decedent's ex-wife was not entitled to retirement benefits even though she was the named beneficiary).

It is well-settled in California that "general expressions or clauses in [property settlement] agreements are not to be construed as including an assignment or renunciation of expectancies and that a beneficiary therefore retains his status under an insurance policy or under a will *if it does not clearly appear from the agreement* that in addition to the segregation of the property of the spouses it was intended to

6

1  deprive either spouse of the right to take property under a
2  will or an insurance contract of the other." First Western
3  Bank & Trust Co. v. Omizzolo, 176 Cal. App. 2d 555, 558 (1959)
4  (quoting Grimm v. Grimm, 26 Cal.2d 173, 176 (1945)) (emphasis
5  added); see also Thorp v. Randazzo, 41 Cal.2d 770 (1953), and
6  Meherin v. Meherin, 99 Cal.App.2d 596 (1950), wherein the
7  determinations of the trial courts that the parties intended,
8  under property settlement agreements, to terminate the wives'
9  interests as beneficiaries of insurance policies, although
10 remaining designated as such in those policies, were affirmed.

11    The decisions on the subject recognize that each case
12 must be decided on its own facts and with reference to the
13 particular terms of the agreement involved, and "the effect of
14 a property settlement agreement upon rights that may accrue to
15 a former spouse on the death of the other is essentially a
16 factual question of the intention of the parties as embodied
17 in the agreement." Omizzolo, 176 Cal. App. at 558 (citing
18 Randazzo, 41 Cal.2d at 774; Prudential Ins. Co. v. Broadhurst,
19 157 Cal.App.2d 375 (1958)).

20    Thus, under California law, courts must "look to the
21 language of the property settlement agreement to determine
22 whether the agreement extinguishes the expectancy interests of
23 life insurance beneficiaries." Ortiz, 535 F.3d at 993 (citing
24 Life Ins. Co. of North America v. Cassidy, 35 Cal.3d 599
25 (1984)). In this way, "[a] property settlement covering all
26 property and releasing all claims may be found to include a
27 life insurance expectancy interest . . . ." Ortiz, 535 F.3d
28 at 993.

The question in the case at bar is whether it is clear from the terms of the marital settlement agreement that the decedent intended to extinguish the expectancy interests of David as the life insurance beneficiary. This can only be done after determining the parties' post-divorce intent in entering into the marital settlement agreement. The requirements of the life insurance policy regarding how to change a beneficiary designation become relevant if the marital settlement agreement is not broad enough to encompass the expectancy interest of David as the insurance beneficiary. *See* Ortiz, 535 F.3d at 993-95 (after first assessing the property settlement agreement and finding that the language was not broad enough to extinguish the beneficiary's expectancy interest, the court then analyzed whether there was a valid change of beneficiary designation).

Accordingly, David's objection that the complaint in interpleader is insufficient because it does not state facts showing that the claims of Alexandra are well founded is, at this point, not meritorious. *See* Fidelity Sav. & Loan Asso. v. Rodgers, 180 Cal. 683, 684-85 (1919) (" . . . the code requires nothing more of [plaintiff] in this respect than to show that the parties to be called in make claims on [plaintiff] for the same thing, that the respective claims are adverse to each other, and that [plaintiff] cannot safely determine for himself which claim is right and lawful.").

At this pleading stage, I find that Alexandra and David are adverse claimants to the policy proceeds, both insisting that the funds belong exclusively to them. Plaintiff's

8

concerns of potential double liability are well-founded. Under the circumstances, plaintiff has a bona fide fear of adverse claims arising with regard to the policy amount in dispute. While I cannot prevent David from filing another motion to dismiss, I urge him to consider whether that would be constructive.[2]

Lastly, David argues that Alexandra's demand for a jury trial should be struck because there is no federal right to a jury trial in an interpleader case.

The "first stage" of an interpleader, namely, determining whether interpleader is appropriate, is a question for the Court. *See* 7 Wright et al., Federal Practice & Procedure, § 1714 at 581-584 (interpleader actions generally proceed in two stages: during the first, the Court determines whether interpleader is appropriate and discharges the stake holder; in the second, the rights of the claimants are adjudicated). The first stage of interpleader is equitable and does not entitle defendant Alexandra to a jury trial. *See* Pan American Fire & Casualty Co. v Revere, 188 F.Supp. 474, 483 (E.D. La. 1960); McGill v. Wahl, 839 P.2d 393, 396 (Alaska 1992). Once the equitable issue of the right of the plaintiff to implead the adverse claimants and to be discharged is determined, the

---

[2] It is also noteworthy that the courts in Pimentel, McLaughlin, 104 Cal. 171 (1894), and The Supreme Lodge of the Fraternal Brotherhood v. Price, 27 Cal. App. 607 (1915), which are the cases cited by David for the proposition that interpleader is inappropriate in this action, permitted interpleader. It is also worth noting that none of these cases involved disputes over how a property settlement agreement or marital settlement agreement affected the various rights and entitlements of the parties, and they are therefore factually distinguishable from the case at bar.

dispute as to which of the claimants is entitled to the fund in court may be either legal or equitable in nature, depending upon the issues to be decided. <u>Ross v. Bernhard</u>, 396 U.S. 531, 542 (1970) (commenting that although historically interpleader was considered a completely equitable action, the trend in the lower courts is to provide a right of jury trial for legal issues raised); <u>Beacon Theatres, Inc. v. Westover</u>, 359 U.S. 500, 510-11 (1959) (instructing the federal courts to inquire into the legal or equitable nature of each issue in the case in determining whether the litigants have a right to jury trial).

Here, it is unclear from the current pleadings what issues will remain after the discharge of plaintiff. Given the unusual procedural posture of an interpleader, wherein a claimant's answer may be directed to the propriety of the interpleader and not towards his or her claim to the interpleaded fund, it is impossible to tell at this stage of the litigation whether Alexandra's claims against David are equitable or legal in nature. If David believes that there are no factual disputes between the parties, and that the issue before the Court can be resolved as a matter of law, David may move for summary judgment.

For the reasons stated above, David's motion to strike Alexandra's jury demand is **DENIED** without prejudice.

Dated: May 21, 2009

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\PRUDENTIAL INSURANCE CO\ORDER ON MOTS TO DISMISS AND TO STRIKE JURY DEMAND.FINAL VERSION V.2.wpd