MERYL MACKLIN (CA State Bar No. 115053)
HOLME ROBERTS & OWEN LLP
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:     (415) 268-2000
Facsimile:     (415) 268-1999

Attorneys for Defendant
Alexandra Bailey-Wells

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRUDENTIAL INSURANCE COMPANY OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>ALEXANDRA BAILEY WELLS, and DAVID WELLS,<br><br>           Defendant. | CASE NO. CV-09-00132-BZ<br><br>**ORDER RELEASING FUNDS ON DEPOSIT** |

This is an interpleader action, commenced by Plaintiff Prudential Insurance Co. as a result of competing claims by Defendants Alexandra Bailey-Wells and David Wells to the proceeds of a life insurance policy issued by Plaintiff to Deborah Bailey-Wells. By Order dated June 24, 2009, Prudential was dismissed from the action and deposited the proceeds of the policy, plus interest, and less its attorneys' fees incurred in this action, into the court registry. Pursuant to the attached Settlement Agreement, Defendants Alexandra Bailey-Wells and David Wells have settled this interpleader action by agreeing to divide the funds on deposit with the Court so that 60% of the funds are disbursed to Defendant Alexandra Bailey-Wells and 40% of the funds are disbursed to Defendant Wells. Accordingly,

IT IS HEREBY ORDERED, pursuant to Fed. R. Civ. P. 67(b) and 28 U.S.C. § 2042, that the Clerk shall disburse the funds on deposit in this action so that Alexandra Bailey-Wells receives

Defendant Alexandra Bailey-Wells' Confidential Settlement Conference Statement
Prudential Insurance Company of America v. Alexandra Bailey-Wells and David Wells
Case No. 09-00132-BZ

#46241 v1 saf

$215,750.97 and David Wells receives $323,626.44, which represent 60% and 40%, respectively, of the funds on deposit as of September 9, 2009. If the value of the account exceeds this amount on the date of disbursement, the remainder shall be disbursed to the firm of Holme Roberts & Owen, LLP, which shall divide such remaining funds so that Alexandra Bailey-Wells receives 60% and David Wells receives 40%.

Dated:   September 10, 2009

_____
Hon.
United States [Magistrate Judge]

**IT IS SO ORDERED**
*Bernard Zimmerman*
Judge Bernard Zimmerman

APPROVED AS TO FORM:

*William F. Crowell*

_____
William Crowell

**Counsel shall either mail or fax (415-522-4103 Attn: Ms. Banares) to the Court's Finance Dept. a copy of this Order along with the recipients' Tax ID number or Social Security Number and home address so the funds may be distributed.**

**The Clerk shall close this file and vacate all pending dates.**

1
Order Releasing Funds
Prudential Insurance Company of America v. Alexandra Bailey-Wells and David Wells
Case No. 09-00132-BZ

#46241 v1 saf

# EXHIBIT

# SETTLEMENT AGREEMENT
# AND MUTUAL RELEASE OF ALL CLAIMS

This Settlement Agreement and Mutual Release of all claims ("Agreement") is being entered into as of August 21, 2009. between Alexandra Bailey-Wells ("Alexandra") and David Wells ("David") (collectively, the "Parties"). The terms of the Agreement are as follows:

1.  Neither the fact that this Agreement was signed nor the compliance with the terms of this Agreement will be considered as an admission by any party of any acts of wrongdoing of any kind whatsoever against the other.

2.  Prudential Insurance Company ("Prudential"), filed an interpleader action against Alexandra and David, arising out of their competing claims to the proceeds of life insurance policy V1 022 758b issued to Deborah Bailey-Wells (the "Policy"). *Prudential Insurance Company v. Wells*, No. CV-09-00132-BZ (the "Litigation").

3.  The parties hereby agree to divide the proceeds of the Policy as follows: 60% of the value of the Policy on the date on which payment is made by the Clerk of the Court to Alexandra; 40% of the value of the Policy to David.

4.  Once the parties receive payment from the Clerk of the Court, they will execute and file a stipulation for dismissal with prejudice as to all Parties.

5.  Each Party shall bear his or her own costs and attorneys' fees in connection with the Litigation.

6.  In consideration of the mutual obligations contained in this Agreement and for other good and valuable consideration, the receipt of which is acknowledged by the parties, Alexandra and David hereby release and forever discharge each other from all debts, demands, actions, causes of action, suits, accounts, covenants, contracts, agreements, damages, and all claims and liabilities of every nature, known or unknown, which each of them may now have or have ever had regarding the Litigation or their respective claims to the Policy, or which have been or could have been asserted, heretofore arising out of, connected with or incidental to the Litigation.

7.  Each Party expressly waives the provisions of California Civil Code Section 1542, which provides:

    > A general release does not extend to claims which the creditor does not know or suspect exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

8.  This Agreement may be executed in counterparts with faxed or electronically-scanned signatures, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken

873497-2
#46125 v1 saf

together with other signed counterparts, shall constitute an agreement, which shall be binding upon and effective as to all parties.

9. This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of California.

10. If a court of competent jurisdiction finds any immaterial clause or provision of this Agreement to be unenforceable, the remainder of this Agreement will remain in full force and will not be affected.

11. This Agreement constitutes the entire Agreement among the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions; provided, however, that the parties shall remain bound by any obligations made in this Agreement.

12. This Agreement, including without limitation the releases herein, shall inure to the benefit of and be binding on the parties and their respective successors, heirs and assigns.

**THE PARTIES AGREE THAT EACH HAS CAREFULLY READ THIS AGREEMENT, THAT EACH HAS BEEN GIVEN AMPLE OPPORTUNITY TO CONSULT WITH HIS OR HER OWN LEGAL COUNSEL, THAT EACH IS RECEIVING SUBSTANTIAL BENEFITS AS A RESULT OF THIS AGREEMENT, AND THAT THE EACH IS VOLUNTARILY SIGNING BY HIS OR HER OWN FREE ACT.**

Dated: August 31, 2009         _____
                                Alexandra Bailey-Wells

Dated: August __, 2009          _____
                                David Wells

2

together with other signed counterparts, shall constitute an agreement, which shall be binding upon and effective as to all parties.

9.  This Agreement shall be construed and enforced in accordance with and governed by the laws of the State of California.

10. If a court of competent jurisdiction finds any immaterial clause or provision of this Agreement to be unenforceable, the remainder of this Agreement will remain in full force and will not be affected.

11. This Agreement constitutes the entire Agreement among the parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreements and discussions; provided, however, that the parties shall remain bound by any obligations made in this Agreement.

12. This Agreement, including without limitation the releases herein, shall inure to the benefit of and be binding on the parties and their respective successors, heirs and assigns.

**THE PARTIES AGREE THAT EACH HAS CAREFULLY READ THIS AGREEMENT, THAT EACH HAS BEEN GIVEN AMPLE OPPORTUNITY TO CONSULT WITH HIS OR HER OWN LEGAL COUNSEL, THAT EACH IS RECEIVING SUBSTANTIAL BENEFITS AS A RESULT OF THIS AGREEMENT, AND THAT THE EACH IS VOLUNTARILY SIGNING BY HIS OR HER OWN FREE ACT.**

Dated: August __, 2009

_____
Alexandra Bailey-Wells

Dated: September 1, 2009

_____
David Wells

2

#46125 v1 saf